IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re:* | : Chapter 11 |
| | : |
| SPECTRUM ALLIANCE, LP, | : |
| | : |
| Debtor. | : |
| | : Bankruptcy No. 17-14250 |

## APPLICATION OF THE DEBTOR TO EMPLOY MIGELOUCHE LLC AS A RESTRUCTURING COORDINATOR AND FINANCIAL ADVISOR TO THE DEBTOR PURSUANT TO 11 U.S.C. § 327 *NUNC PRO TUNC* TO THE APPLICATION DATE

1. On June 20, 2017, Spectrum Alliance, LP (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The Debtor continues to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code

2. Formed in 2001, Spectrum Alliance, LP is a private, open-ended investment fund comprising both stabilized and developmental real estate assets located in the Mid-Atlantic states. Spectrum focuses on two property types: Class A suburban office and suburban retail. Spectrum Alliance, LP is a Pennsylvania Limited Partnership, with each of its properties separately owned by a limited liability company or limited partnership in accordance with institutional financing requirements. Investments in Spectrum are structured as limited partnership interests, denominated in "units".

3. Through this application (the "Application"), the Debtor seeks authority to retain Migelouche LLC (the "Firm") as its restructuring coordinator and financial advisor to assist it with (i) advising and assisting the Debtor in analyzing, structuring, and planning Transactions and (ii) assisting the Debtor in communicating and negotiating with the Debtor's subordinated lenders and limited partners to assist the Debtor in effecting one or more Transactions .

4.     The Debtor has made careful and diligent inquiry into the qualifications and competence of the Firm and is advised that the Firm, by reason of ability, integrity and professional experience, is capable of assisting the Debtor in meeting the foregoing goals and objectives.

5.     Subject to this Court's approval, the Firm will charge the Debtor for the services on an hourly basis in accordance with its ordinary and customary rates in effect on the date that such services are rendered and submits that such rates are reasonable. As compensation for the Firm's services, the Debtor will pay monthly retainer fees in the amount of $20,000 payable on the first business day of each calendar month commending on July 1, 2017; provided, however, beginning on February 1, 2018, the monthly retainer fee shall be in the amount of $10,000.

6.     In addition to the monthly retainer fees, the Firm customarily charges its clients for all costs incurred, including photocopying charges, long distance telephone calls, outgoing facsimile transmissions, messengers, courier mail, printing, transcripts, court fees, document retrieval and similar items.

7.     The Firm did not receive a pre-petition retainer.

8.     Accordingly, the Debtor seeks to engage the services of the Firm as its restructuring coordinator and financial advisor on the terms set forth in the engagement letter (the "Engagement Letter"). A true and correct copy of the Engagement Letter is attached hereto as Exhibit "A."

9.     A summary of the professional services the Firm will provide are as follows:

    (a)     During the term of our Engagement the Firm will provide financial advice and strategic assistance in connection with potential Transactions, including

   (i)  advising and assisting the Debtor in analyzing, structuring, and planning Transactions; and

   (ii)  assisting the Debtor in communicating and negotiating with the Debtor's subordinated lenders and limited partners to assist you in effecting one or more Transactions.

10. Based on the Declaration of Michael G. Lederman, the Debtor believes the Firm does not hold any interest adverse to the Debtor's estate and, while employed by the Debtor, will not represent any person having an adverse interest in connection with this case. Further based upon the Declaration of Michael G. Lederman, the Debtor believes the Firm is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code.

11. The Debtor believes that the employment of the Firm is necessary and in the best interest of the Debtor's estates.

WHEREFORE, the Debtor seeks approval to engage Migelouche, LLC as its restructuring coordinator and financial advisor.

**CIARDI CIARDI & ASTIN**

Dated: June 21, 2017

By: _____
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
One Commerce Square
2005 Market Street, Suite 3500
Philadelphia, PA 19103
T (215) 557-3550
F (215) 557-3551
aciardi@ciardilaw.com
jcranston@ciardilaw.com

*Proposed Counsel to Debtor*